IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BAILEY LUMBER & SUPPLY CO. § | | |
| and 84 LUMBER COMPANY § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:08CV1394 LG-JMR |
| § | | |
| GEORGIA-PACIFIC CORP.; BLUELINX § | | |
| CORPORATION; WEYERHAEUSER CO. § | | |
| and LOUISIANA-PACIFIC CORP. § | | DEFENDANTS |

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

THIS CAUSE COMES BEFORE THE COURT on the Plaintiffs' Motion [122] for Reconsideration of the Court's Order dismissing BlueLinx Corporation without prejudice. BlueLinx filed a response, and the Plaintiffs replied. After due consideration of Plaintiffs' Motion and the relevant law, it is the Court's opinion that the Motion should be denied.

DISCUSSION

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Tran Enters., LLC v. DHL Express (USA), Inc.*, No. 08-2748, 2010 WL 148404 (S.D. Tex. Jan. 12, 2010). The Plaintiffs moved for reconsideration seven days after the order dismissing Plaintiffs' claims against BlueLinx without

prejudice, and so their motion falls under Rule 59(e).

Although the Rule 59(e) standard "favors denial of motions to alter or amend a judgment," *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993), the "district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.*; see also 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995) ("Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.").

A Rule 59 (e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002). The movant is required to "establish either a manifest error of law or fact or must present newly discovered evidence." *Robin v. U.S.*, 233 Fed. Appx. 350, 352 (5th Cir. 2007). A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *See Mongrue v. Monsanto Co.*, 249 F.3d 422, 427-28 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Plaintiffs complain in particular about the Court's interpretation of the allegations of the Second Amended Complaint to mean that BlueLinx's customers were completely separate from the Manufacturing Defendants' customers. The language Plaintiffs object to is:

> Further, unlike the manufacturers, BlueLinx had no mill-related information of its own to share. If the co-conspirators made daily calls to BlueLinx (and it does not appear that the Plaintiffs have made that allegation[1]), BlueLinx could only have

> informed the others of the prices it was charging its customers, which Plaintiffs
> allege were completely separate from the Manufacturing Defendants' customers.
>
>> 1. The allegations regarding Weyerhaeuser and Georgia-Pacific
>> are that the distribution divisions had daily discussions with
>> "mills" or "manufacturers." 2d Am. Compl. ¶ 102, 109. There are
>> no allegations that Louisiana-Pacific personnel ever contacted
>> BlueLinx. See *id*. at ¶111.

Mem. Op. & Order Granting Mot. to Dismiss of Bluelinx Corporation, 4-5. Plaintiffs argue that they actually alleged that the Defendants all sold to the same customers.

In their Second Amended Complaint, Plaintiffs alleged that "[t]he defendants sell primarily to 'big box' retailers, such as Home Depot and Lowe's; 'pro dealers,' or stores that cater to professional builders; and home and commercial construction companies." 2d Am. Compl. ¶ 40. BlueLinx specifically is alleged to sell to "dealers, industrial manufacturers, manufactured housing producers and home improvement retailers." *Id*. ¶ 6. Plaintiffs also allege that each of the Defendants sold OSB and/or plywood to one or more of them, so clearly the Defendants share at least the Plaintiffs as customers. Thus, the Plaintiffs' point of error is well-taken. Nevertheless, the error is inconsequential, because it is collateral to the Court's points that 1) there were no allegations that any of the Manufacturing Defendants made daily phone calls to BlueLinx; and 2) even if such calls had been made, BlueLinx had no mill-related information to share, but could only relay the price at which it was selling plywood. As the Court's holding would not be altered if this erroneous statement were removed, there is an insufficient basis for reconsideration of the dismissal order.

Plaintiffs also assert that the Court incorrectly concluded that BlueLinx had a legitimate business interest for its daily calls to the Manufacturing Defendants for structural panel prices,

and the Court was incorrect in finding no allegations that BlueLinx did anything improper with the price information it acquired. These are arguments that have already been considered and rejected by the Court. They will not be reviewed once more.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion [122] for Reconsideration of the Court's Order dismissing BlueLinx Corporation without prejudice is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE